LEW ALCINDOR a/k/a                                                    PLAINTIFFS
KAREEM ABDUL-JABBAR
JONATHAN LEE RICHES

v.

JOHN ROBERT WOODEN
DENNY CRUM
BILL WALTON                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Jonathan Lee Riches, a well-known frequent filer of frivolous lawsuits

throughout the federal court system,[1] brings this action as a "Preliminary Injunction, Temporary

Restraining Order, TRO 28 USC 1331."  Riches allegedly brings this suit along with Kareem

Abdul-Jabbar, best known as a former NBA basketball player.[2]  In the handwritten document,

Riches brings ridiculous, outrageous, wholly frivolous claims spanning over several decades

against Defendants John Robert Wooden, Denny Crum, and Bill Walton.  Due to their absurdity,

the Court will not repeat the allegations.

In the Sixth Circuit, "a district court may, at any time, *sua sponte* dismiss a complaint for

lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil

---

[1]Per a search of the U.S. Party/Case Index, Plaintiff Riches has filed or sought to intervene in well over 2100 federal cases throughout the nation.  *See* www.pacer.gov.  In the Western District of Kentucky, Plaintiff Riches has filed 17 cases and sought to intervene in 5 cases thus far.

[2]The undersigned disputes the authenticity of Kareem Abdul-Jabbar's signature and does not consider him to be a party to this action.  The Court warns Plaintiff Riches that forging a signature can result in sanctions.  *See* Fed. R. Civ. P. 11.

Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that the allegations in the instant complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, and no longer open to discussion, warranting dismissal of the action. The Court will enter a separate Order of dismissal.

The Court advises that by Order entered June 18, 2010, in Civil Action No. 3:10CV-P426-R, this Court concluded that Riches has abused the judicial process, as is evident in the over 2100 federal cases across the nation in which he has filed or sought to intervene. The Court, therefore, warned Riches that his continued efforts in filing frivolous lawsuits in this Court will result in the imposition of sanctions. Because this action was filed prior to the entry of that Order, the Court will not impose sanctions. The Court, nevertheless, reiterates that Riches' continued efforts in filing frivolous lawsuits in this Court will result in the imposition of sanctions.

Finally, the Court advises that Riches neither paid the $350.00 filing fee nor filed an application to proceed without prepayment of fees. However, numerous federal courts throughout the United States have found Riches subject to the provisions of 28 U.S.C. § 1915(g), which prohibits Riches from proceeding *in forma pauperis*. *See, e.g., Riches v. X-Men, Inc.*, Civil Action No. 5:09CV-MC-112-KSF, 2009 WL 997092 (E.D. Ky. Apr. 14, 2009) (applying § 1915(g)); *Riches v. Dierks*, 2008 WL 714069 (N.D. W.Va. Mar. 4, 2008).[3] Section 1915(g)

---

[3]In *Riches v. Dierks*, the court advised,

The records of the federal courts indicate that at least seven of Plaintiff's prior suits

2

provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although in the instant action Riches alleges that he "face[s] imminent danger and bodily harm" from Defendants, his allegations are wholly incredible and irrational. Section 1915(g) applies to this action.

**IT IS THEREFORE ORDERED that Riches must pay the $350.00 filing fee for this action within 30 days of entry of this Order.** Should Riches fail to timely comply, the Court will direct the institution in which he is incarcerated to deduct the filing fee from his prison trust account.

Date:


cc:     Plaintiff Riches, *pro se*
4414.005

---

were dismissed prior to service of process as frivolous pursuant to 28 U.S.C. § 1915. *Riches v. Guantanamo Bay*, Case No. 2:07-CV-13041-VAR (E.D. Mich., Order of August 8, 2007); *Riches v. Bureau of Prisons*, Case No. 6:06-CV-00194-MBS (D.S.C., Order of Mar. 17, 2006); *Riches v. Doe*, Case No. 1:07-CV-20042-FAM (S.D. Fla., Order of January 24, 2007). *Riches v. Simpson, et al*, Case No. 6:07-CV-1504-Orl-31 KRS (M.D. FIA Order of Sept. 24, 2007); *Riches v. Jena 6, et al*, Civil Action No. 07-1656-A (WD LA Order dated October 24, 2007); *Riches v. Swartz, et al.*, Civil Action No. 7:07-CV-00379 (WD Va dated August 13, 2007); *Riches v. Williams, et al.*, Civil Action No. 7:07-CV-427 (WD Va Order dated September 12, 2007).